# IN THE COURT OF APPEALS OF IOWA

No. 17-1500
Filed December 5, 2018

**DARRELL LAMAR THOMAS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Clinton County, Mark J. Smith,

Judge.


        Darrell Lamar Thomas appeals from the denial of his application for

postconviction relief.  **AFFIRMED.**



        Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.



        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Darrell Lamar Thomas appeals from the denial of his application for postconviction relief (PCR). Thomas's PCR application was denied on grounds he had already challenged trial counsel's effectiveness, but the challenge was denied because he could not prove the requisite prejudice.[1] *Thomas*, 2014 WL 1494903, at *3.

On appeal, Thomas raises another claim of ineffective assistance of trial counsel not presented to the PCR court—that trial counsel breached an essential duty in failing to provide him a copy of the trial information and minutes of evidence as mandated by Iowa Rule of Criminal procedure 2.8(1). The claim is not properly preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Thomas contends that if the claim is not properly preserved, it is because PCR counsel was ineffective. To establish an ineffective-assistance-of-counsel claim, an applicant must show both that (1) his counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). It is the applicant's burden to establish by a preponderance of the evidence "that there is a reasonable probability that, but for counsel's

---

[1] On his direct appeal, we rejected Thomas's ineffective-assistance-of-trial-counsel claim because "there was overwhelming evidence" the pocketknife Thomas used during the robbery, which was not a dangerous weapon per se, was "actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being." *State v. Thomas*, No. 13-0287, 2014 WL 1494903, at *1 (Iowa Ct. App. Apr. 16, 2014); Iowa Code § 702.7 (2011); *see State v. Ortiz*, 789 N.W.2d 761, 765 (Iowa 2010).

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* When a claimant is unable to show prejudice, a claim of ineffective assistance may be decided on that ground alone. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Thomas's claim that PCR counsel was ineffective fails. First, the transcript of a pre-trial hearing demonstrates Thomas knew he was charged with robbery in the first degree, pleading or being found guilty of this crime would result in a twenty-five-year sentence with a mandatory seventeen-and-a-half years, and he had been provided copies of the minutes of evidence and the police reports. Moreover, Thomas asserts we are to presume prejudice, but the cases upon which he relies were before the appellate court on a direct appeal. Thomas's claim of ineffective assistance of PCR counsel requires he establish that prejudice resulted. He has not done so. We therefore affirm.

**AFFIRMED.**